ELECTRONICALLY FILED - 2024 Mar 11 11:12 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

**STATE OF SOUTH CAROLINA**
**COUNTY OF CHARLESTON**

**IN THE COURT OF COMMON PLEAS**
**FOR THE 9TH JUDICIAL CIRCUIT**

Stephen King,

Plaintiff,

v.

Kontakt.io. Inc. and Don Onderdonk,

Defendants.

CASE NO. 2024-10-CP--_____

SUMMONS

**TO THE DEFENDANTS ABOVE NAMED**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the Complaint to Plaintiff's attorney, Marybeth Mullaney, at 4900 O'Hear Avenue, Suites 100 & 200, Charleston, SC 29405, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, Plaintiff will apply to the Court for the relief demanded in the Complaint, including the rendering of judgment by default against you.

Respectfully submitted,

s/Marybeth Mullaney
Marybeth Mullaney (S.C. Bar #6685)
4900 O'Hear Avenue, Suites 100 & 200
North Charleston, South Carolina 29405
(843) 588-5587 Phone
marybeth@mullaneylaw.net

Attorney for Plaintiff

Date: March 11, 2024
Charleston, South Carolina

ELECTRONICALLY FILED - 2024 Mar 11 11:12 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

**STATE OF SOUTH CAROLINA**
**COUNTY OF CHARLESTON**

**IN THE COURT OF COMMON PLEAS**
**FOR THE 9TH JUDICIAL CIRCUIT**

Stephen King,

Plaintiff,

v.

Kontakt.io. Inc. and Don Onderdonk,

Defendants.

CASE NO. 2024-10-CP--_____

COMPLAINT
(Jury Trial Requested)

Plaintiff Stephen King ("Mr. King" or "Plaintiff"), alleges and shows unto this Honorable Court the following:

**NATURE OF CLAIM**

1. Plaintiff brings claims against his former employer Defendant Kontakt.io. Inc ("Kontakt.io") and supervisor Don Onderdonk ("Mr. Onderdonk")(collectively "Defendants") for violations of the Family and Medical Leave Act of 1993 ("FMLA").

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff King is a citizen and a resident of Charleston County, SC.

3. Defendant, Kontakt.io is a limited liability New York corporation that regularly does business within South Carolina.

4. The company's headquarters are in New York, New York. It employed Plaintiff and others to do work on its behalf in South Carolina.

5. Venue is proper in this circuit because the Defendants have conducted substantial, continuous and activities in Beaufort. Additionally, the unlawful labor practices and policies giving

ELECTRONICALLY FILED - 2024 Mar 11 11:12 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

rise to Plaintiff's claims were committed in Charleston County.

6. Kontakt.io is engaged in a commerce and/or industry or activity affecting commerce and employ fifty (50) or more employees.

## FACTUAL ALLEGATIONS

7. Kontakt.io is an internet company that sells software to health systems. It is a cloud-based platform that offers asset tracking, bed management, staff safety, patient flow.

8. The company has an office at 4900 O'Hear Ave Ste 100 & 200 in North Charleston, SC.

9. Mr. Onderdonk is the Vice President of Sales. At all times relevant to this complaint, Onderdonk was a corporate officer acting in the interest of an employer and he exercised significant control over the terms of Plaintiff's employment.

10. Mr. Onderdonk had the ability to control, in whole or in part, whether the Plaintiff could take a leave of absence and return to his position.

11. Mr. King was employed as a Sales Representative from October 3, 2023, until his retaliatory termination on December 1, 2023.

12. Mr. King was assigned to Southeast Sales Team. His primary duties was prospecting for new business, cold calling, email, LinkedIn and in person outreach. Creating and managing a pipeline of new business, conducting in person and virtual demos. Working with direct customer along with our partners to close new accounts.

13. At all times relevant to this complaint, Mr. King met and exceeded Kontakt.io's expectations. Plaintiff was never formally disciplined. During his tenure Plaintiff made sales and advanced the company's financial interest.

ELECTRONICALLY FILED - 2024 Mar 11 11:12 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

14. In approximately September of 2023, Plaintiff told Joanna Wołczańska the Head of Human Resources and Legal Operations that his wife was expected to give birth in early January of 2024 and that he wanted to take leave around that time to care for his new born child.

15. Not long after that on or about November 13, 2023, Mr. King informed Mr. Onderdonk, while on a Zoom call with members of the southeast sales team, that his wife was expected to give birth on January 4, 2024, and that he would like to take leave around that time to care for his son and spouse.

16. Approximately two weeks later, on December 1, 2023, Mr. Onderdonk unexpectedly terminated Mr. King without cause.

17. Mr. King had not been placed on a performance improvement plan nor had he been given any indication that the Defendants were contemplating terminating him or were not satisfied with his performance.

18. The close temporal proximity between Mr. King's request for leave and his termination are sufficient to indicate that the Defendants terminated Plaintiff because he sought to exercise his FMLA rights.

19. Mr. King provide sufficient notice to the Defendants to make them aware of his FMLA-qualifying leave, and the anticipated timing of the leave.

20. Notwithstanding that Mr. King provided sufficient notice with respect to the birth of his son, the Defendants failed to inquire further or request additional information about his request.

21. Rather Defendants responded by terminating Mr. King just days after he requested leave.

22. The Defendants retaliated against Plaintiff by terminating him because he requested leave.

ELECTRONICALLY FILED - 2024 Mar 11 11:12 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

23. The Defendants interfered with Plaintiff's right to take FMLA by terminating before he could take FMLA leave. Plaintiff was harmed by Defendants' actions of terminating him.

24. As a result of Defendants intentional violation of the FMLA, Mr. King is suffering financial damages. He lost his job and health insurance before the birth of his child and has been unable to find comparable employment.

25. Defendants were aware of their obligations under the FMLA to allow Plaintiff to take FMLA leave yet they terminated Plaintiff knowing they were violating his federal right to take FMLA.

26. Defendants showed reckless disregard of Plaintiff's FMLA rights.

27. Defendants' violation of the FMLA was not in good faith and the Defendants did not have reasonable grounds for believing that their actions toward Plaintiff complied with the FMLA.

28. As such, Defendants' actions, as set forth above, were undertaken in a willful, reckless, knowing, intentional, and wanton manner and in utter disregard for Plaintiff's rights and, therefore, Plaintiff is entitled to recover liquidated damages from Defendants.

**FIRST AND SECOND CAUSE OF ACTION**
(FMLA INTERFERENCE & RETALIATION)

29. Plaintiff incorporates all of the preceding paragraphs as if fully set forth herein into this cause of action.

30. Pursuant to the FMLA, at the time he requested leave, Plaintiff had been employed with Defendants for over twelve (12) months and had provided over one thousand two hundred fifty (1,250) hours of service to Defendants during the twelve (12) months prior to his request.

31. Defendants were engaged in commerce and/or industry or activity affecting commerce and employ fifty (50) or more employees each working day during each of twenty (20) or more weeks in the current or preceding calendar year.

ELECTRONICALLY FILED - 2024 Mar 11 11:12 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

32. As such, Plaintiff was a covered employee, and Defendants were covered employers under the FMLA.

33. Plaintiff requested leave for the birth of his son in order to care for his son. Thus, Plaintiff had a qualifying reason for medical leave as defined by the FMLA.

34. Defendants violated the FMLA by interfering with Plaintiff's rights, by refusing to allow him to exercise his right to take FMLA leave.

35. Plaintiff engaged in protected activity by asking Mr. Onderdonk for time off for the birth of his son.

36. Because he engaged in protected activity the Defendants took an adverse action against Plaintiff by terminating him.

37. Defendants interfered with Plaintiff's federal right to take FMLA leave by terminated him.

38. The Defendants retaliated against Plaintiff by terminating him because he engaged in protected activity by requesting leave.

39. A causal connection exists between Plaintiff's protected activity and the adverse action.

40. There is sufficient temporal proximity between Plaintiff's protected activity and his termination to suggest that the adverse employment action occurred because of the protected activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stephen King, seeks judgment against the Defendants as follows:

a. Declaratory Judgement that Defendants violated the FMLA;

b. Declaratory Judgement that Defendants' violation the FMLA was willful;

ELECTRONICALLY FILED - 2024 Mar 11 11:12 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

c. Plaintiff is seeking lost back and future wages, income and benefits, expenses associated with finding work, and prejudgment interest;

d. An award of the amount of all wages, salary, employment benefits, or other compensation denied or lost to Plaintiff by reason of the Defendants' FMLA violations;

e. An award of liquidated damages pursuant to the FMLA;

f. Prejudgment and Post Judgement interest;

g. Attorneys' fees and costs; and

h. All such further relief as the Court deems just and equitable under the causes of action set forth above.

**<u>JURY DEMANDED</u>**

Plaintiff Stephen King hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
4900 O'Hear Ave, Suites 100 & 200
NCH, SC 29405
Phone (843) 588-5587
marybeth@mullaneylaw.net

*Attorney for Plaintiff*

ELECTRONICALLY FILED - 2024 Mar 11 11:12 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

ELECTRONICALLY FILED - 2024 Mar 11 11:12 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

ELECTRONICALLY FILED - 2024 Mar 11 11:12 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

ELECTRONICALLY FILED - 2024 Mar 11 11:12 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

ELECTRONICALLY FILED - 2024 Mar 11 11:12 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

ELECTRONICALLY FILED - 2024 Mar 11 11:12 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

ELECTRONICALLY FILED - 2024 Apr 09 1:37 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

**STATE OF SOUTH CAROLINA**
**COUNTY OF CHARLESTON**

**IN THE COURT OF COMMON PLEAS**
**FOR THE 9TH JUDICIAL CIRCUIT**

Stephen King,

Plaintiff,

v.

Kontakt.io. Inc. and Don Onderdonk,

Defendants.

CASE NO. 2024-10-CP-1308

SUMMONS

**TO THE DEFENDANTS ABOVE NAMED**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the Complaint to Plaintiff's attorney, Marybeth Mullaney, at 4900 O'Hear Avenue, Suites 100 & 200, Charleston, SC 29405, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, Plaintiff will apply to the Court for the relief demanded in the Complaint, including the rendering of judgment by default against you.

Respectfully submitted,

s/Marybeth Mullaney
Marybeth Mullaney (S.C. Bar #6685)
4900 O'Hear Avenue, Suites 100 & 200
North Charleston, South Carolina 29405
(843) 588-5587 Phone
marybeth@mullaneylaw.net

Attorney for Plaintiff

Date: April 9, 2024
Charleston, South Carolina

ELECTRONICALLY FILED - 2024 Apr 09 1:37 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

**STATE OF SOUTH CAROLINA**
**COUNTY OF CHARLESTON**

**IN THE COURT OF COMMON PLEAS**
**FOR THE 9TH JUDICIAL CIRCUIT**

Stephen King,

Plaintiff,

v.

Kontakt.io. Inc. and Don Onderdonk,

Defendants.

CASE NO. 2024-10-CP-1308

FIRST AMENDED COMPLAINT
(Jury Trial Requested)

Plaintiff Stephen King ("Mr. King" or "Plaintiff"), alleges and shows unto this Honorable Court the following:

## NATURE OF CLAIM

1. Plaintiff brings claims against his former employer Defendant Kontakt.io. Inc ("Kontakt.io") and supervisor Don Onderdonk ("Mr. Onderdonk")(collectively "Defendants") for violations of the Family and Medical Leave Act of 1993 ("FMLA").

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff King is a citizen and a resident of Charleston County, SC.

3. Defendant, Kontakt.io is a limited liability New York corporation that regularly does business within South Carolina.

4. The company's headquarters are in New York, New York. It employed Plaintiff and others to do work on its behalf in South Carolina.

5. Venue is proper in this circuit because the Defendants have conducted substantial, continuous and activities in Beaufort. Additionally, the unlawful labor practices and policies giving

ELECTRONICALLY FILED - 2024 Apr 09 1:37 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

rise to Plaintiff's claims were committed in Charleston County.

6. Kontakt.io is engaged in a commerce and/or industry or activity affecting commerce and employs fifty (50) or more employees.

## FACTUAL ALLEGATIONS

7. Kontakt.io is an internet company that sells software to health systems. It is a cloud-based platform that offers asset tracking, bed management, staff safety, and patient flow.

8. Mr. Onderdonk is the Vice President of Sales. At all times relevant to this complaint, Onderdonk was a corporate officer acting in the interest of an employer and he exercised significant control over the terms of Plaintiff's employment.

9. Mr. Onderdonk had the ability to control, in whole or in part, whether the Plaintiff could take a leave of absence and return to his position.

10. Mr. King was employed as an Outside Sales Representative from October 3, 2023, until his retaliatory termination on December 1, 2023.

11. The company's corporate offices were located 19 W 34th St New York, New York. ("New York Office")

12. Mr. King was hired by Rom Eizenberg, the Chief Revenue Officer ("Mr. Eizenberg"). Mr. Eizenberg was Plaintiff's direct supervisor until Mr. Onderdonk was hired.

13. Mr. Eizenberg assigned Plaintiff his sales territory. Plaintiff was initially assigned the southeastern states as well as Colorado, Arizona, New Mexico, and California.

14. Mr. King primarily worked remotely, as did the majority of Kontakt.io employees.

15. Mr. Onderdonk and Mr. Eizenberg, also primarily worked remotely. Mr. Onderdonk and Mr. Eizenberg regularly reported to the New York office and considered the New York office their home base.

ELECTRONICALLY FILED - 2024 Apr 09 1:37 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

16. Mr. Onderdonk and Mr. Eizenberg were responsible for assigning Plaintiff work and assessing his performance. Thus, Plaintiff's work assignments came from the New York Office.

17. Plaintiff had weekly sales meetings via Zoom calls with Mr. Onderdonk.

18. Mr. King's was hired out of the New York Office, received his work assignments out of the New York Office, regularly reported to the New York Office via weekly Zoom Meetings thus the New York Office was his home base.

19. The New York Office provides centralized management for the company and employees in the United States.

20. Kontaki has over 100 employees, 50 or more of whom regularly report to the New York Office and consider the New York Office home base.

21. Mr. King's primary duties were prospecting for new business, cold calling, email, LinkedIn, and in-person outreach. Creating and managing a pipeline of new business, conducting in person and virtual demos. Working with direct customer along with our partners to close new accounts.

22. At all times relevant to this complaint, Mr. King met and exceeded Kontakt.io's expectations. Plaintiff was never formally disciplined. During his tenure Plaintiff made sales and advanced the company's financial interest.

23. In approximately September of 2023, Plaintiff told Joanna Wołczańska the Head of Human Resources and Legal Operations that his wife was expected to give birth in early January of 2024 and that he wanted to take leave around that time to care for his new born child.

24. Not long after that on or about November 13, 2023, Mr. King informed Mr. Onderdonk, while on a Zoom call with members of the southeast sales team, that his wife was expected to give birth on January 4, 2024, and that he would like to take leave around that time to care for his son and spouse.

ELECTRONICALLY FILED - 2024 Apr 09 1:37 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

25. Approximately two weeks later, on December 1, 2023, Mr. Onderdonk unexpectedly terminated Mr. King without cause.

26. Mr. King had not been placed on a performance improvement plan nor had he been given any indication that the Defendants were contemplating terminating him or were not satisfied with his performance.

27. The close temporal proximity between Mr. King's request for leave and his termination are sufficient to indicate that the Defendants terminated Plaintiff because he sought to exercise his FMLA rights.

28. Mr. King provide sufficient notice to the Defendants to make them aware of his FMLA-qualifying leave, and the anticipated timing of the leave.

29. Notwithstanding that Mr. King provided sufficient notice with respect to the birth of his son, the Defendants failed to inquire further or request additional information about his request.

30. Rather Defendants responded by terminating Mr. King just days after he requested leave.

31. The Defendants retaliated against Plaintiff by terminating him because he requested leave.

32. The Defendants interfered with Plaintiff's right to take FMLA by terminating before he could take FMLA leave. Plaintiff was harmed by Defendants' actions of terminating him.

33. As a result of Defendants intentional violation of the FMLA, Mr. King is suffering financial damages. He lost his job and health insurance before the birth of his child and has been unable to find comparable employment.

34. Defendants were aware of their obligations under the FMLA to allow Plaintiff to take FMLA leave yet they terminated Plaintiff knowing they were violating his federal right to take FMLA.

ELECTRONICALLY FILED - 2024 Apr 09 1:37 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

35. Defendants showed reckless disregard of Plaintiff's FMLA rights.

36. Defendants' violation of the FMLA was not in good faith and the Defendants did not have reasonable grounds for believing that their actions toward Plaintiff complied with the FMLA.

37. As such, Defendants' actions, as set forth above, were undertaken in a willful, reckless, knowing, intentional, and wanton manner and in utter disregard for Plaintiff's rights and, therefore, Plaintiff is entitled to recover liquidated damages from Defendants.

**FIRST AND SECOND CAUSE OF ACTION**
(FMLA INTERFERENCE & RETALIATION)

38. Plaintiff incorporates all of the preceding paragraphs as if fully set forth herein into this cause of action.

39. Pursuant to the FMLA, at the time he requested leave, Plaintiff had been employed with Defendants for over twelve (12) months and had provided over one thousand two hundred fifty (1,250) hours of service to Defendants during the twelve (12) months prior to his request.

40. Defendants were engaged in commerce and/or industry or activity affecting commerce and employ fifty (50) or more employees each working day during each of twenty (20) or more weeks in the current or preceding calendar year.

41. As such, Plaintiff was a covered employee, and Defendants were covered employers under the FMLA.

42. Plaintiff requested leave for the birth of his son in order to care for his son. Thus, Plaintiff had a qualifying reason for medical leave as defined by the FMLA.

43. Defendants violated the FMLA by interfering with Plaintiff's rights, by refusing to allow him to exercise his right to take FMLA leave.

44. Plaintiff engaged in protected activity by asking Mr. Onderdonk for time off for the birth of his son.

ELECTRONICALLY FILED - 2024 Apr 09 1:37 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

45. Because he engaged in protected activity the Defendants took an adverse action against Plaintiff by terminating him.

46. Defendants interfered with Plaintiff's federal right to take FMLA leave by terminated him.

47. The Defendants retaliated against Plaintiff by terminating him because he engaged in protected activity by requesting leave.

48. A causal connection exists between Plaintiff's protected activity and the adverse action.

49. There is sufficient temporal proximity between Plaintiff's protected activity and his termination to suggest that the adverse employment action occurred because of the protected activity.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Stephen King, seeks judgment against the Defendants as follows:

a. Declaratory Judgement that Defendants violated the FMLA;
b. Declaratory Judgement that Defendants' violation the FMLA was willful;
c. Plaintiff is seeking lost back and future wages, income and benefits, expenses associated with finding work, and prejudgment interest;
d. An award of the amount of all wages, salary, employment benefits, or other compensation denied or lost to Plaintiff by reason of the Defendants' FMLA violations;
e. An award of liquidated damages pursuant to the FMLA;
f. Prejudgment and Post Judgement interest;
g. Attorneys' fees and costs; and

ELECTRONICALLY FILED - 2024 Apr 09 1:37 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

h. All such further relief as the Court deems just and equitable under the causes of action set forth above.

**JURY DEMANDED**

Plaintiff Stephen King hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
4900 O'Hear Ave, Suites 100 & 200
NCH, SC 29405
Phone (843) 588-5587
marybeth@mullaneylaw.net

*Attorney for Plaintiff*

April 9, 2024

ELECTRONICALLY FILED - 2024 May 28 2:00 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

**STATE OF SOUTH CAROLINA**
**COUNTY OF CHARLESTON**

**IN THE COURT OF COMMON PLEAS**
**FOR THE 9TH JUDICIAL CIRCUIT**

Stephen King,

Plaintiff,

v.

Kontakt.io. Inc. and Don Onderdonk,

Defendants.

CASE NO. 2024-10-CP-1308

NOTICE OF FILING
AFFIDAVIT OF SERVICE

Plaintiff, by and through the undersigned counsel, hereby provides notice that Plaintiff has served the Summons and First Amended Complaint in the above-captioned action on Defendant, Don Onderdonk, as evidenced by the Affidavit of Service attached hereto, which is being filed with the Court. (Exhibit A)

Dated: May 23, 2024

Respectfully submitted,

/s/ Marybeth Mullaney
Marybeth Mullaney, Esq. (Fed Id #11162)
4900 O'Hear Ave., Suites 100 & 200
Charleston, SC 29403
Telephone: (843) 588-5587
E-mail: Marybeth@mullaneylaw.net

Attorney for Plaintiff

ELECTRONICALLY FILED - 2024 May 28 2:00 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

STATE OF SOUTH CAROLINA
COUNTY OF CHARLESTON

IN THE COURT OF COMMON PLEAS
FOR THE 9TH JUDICIAL CIRCUIT

**Plaintiff / Petitioner:**
STEPHEN KING
**Defendant / Respondent:**
KONTAKT.IO. INC. AND DON ONDERDONK

## AFFIDAVIT OF SERVICE

**Index No:**
2024-10-CP-1308
**DATE FILED:**
04/09/2024

NEW YORK STATE, COUNTY OF ONONDAGA§
The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age. That on Thu, May 23 2024 AT 07:13 PM AT 3133 CORLEAR DRIVE, LYSANDER, NY 13027 deponent served the within SUMMONS AND FIRST AMENDED COMPLAINT on DON ONDERDONK

[X] **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

[ ] **Corporation:** By delivering a true copy of each to __________ personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be __________ thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to __________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, __________, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on __________.

[X] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 50-60 Ethnicity: Caucasian Gender: Male Weight: 200
Height: 5'11" Hair: Gray Eyes: Relationship:
Other

Sworn to before me on 5/24/2024

ROBERT WUCHER

Notary Public
RICHARD HOWARD RHONE
NOTARY PUBLIC IN THE STATE OF NEW YORK
QUALIFIED IN ONEIDA COUNTY 01RH6445636
MY COMMISSION EXPIRES 12/27/26

ELECTRONICALLY FILED - 2024 Jun 05 5:27 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1001308

**STATE OF SOUTH CAROLINA**
**COUNTY OF CHARLESTON**

**IN THE COURT OF COMMON PLEAS**
**FOR THE 9TH JUDICIAL CIRCUIT**

Stephen King,

Plaintiff,

v.

Kontakt.io. Inc. and Don Onderdonk,

Defendants.

CASE NO. 2024-10-CP-1308

ACCEPTANCE OF SERVICE

**TO: THE DEFENDANT ABOVE NAMED**

Please take notice that the undersigned has been authorized to accept service on Defendant Kontakt.io. Inc. and does hereby acknowledge service of the Complaint on June 5, 2024, in the above-entitled action for and on behalf of Defendant Kontakt.io. Inc. with like effect as personal service.

Respectfully submitted,

Kerry K. Jardine
GORDON REES SCULLY MANSUKHANI
677 King Street, Suite 450
Charleston, SC 29403
Phone: 843-714-2520
Email: kjardine@grsm.com

***Attorney for Defendant Kontakt.io. Inc.***

ELECTRONICALLY FILED - 2024 Jun 05 5:27 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP101308

**STATE OF SOUTH CAROLINA**
**COUNTY OF CHARLESTON**
**CIRCUIT**

**IN THE COURT OF COMMON PLEAS**
**FOR THE 9TH JUDICIAL**

Stephen King,

Plaintiff,

v.

Kontakt.io. Inc. and Don Onderdonk,

Defendants.

CASE NO. 2024-10-CP-1308

NOTICE OF FILING
AFFIDAVIT OF SERVICE

Plaintiff, by and through the undersigned counsel, hereby provides notice that Plaintiff has served the Summons and First Amended Complaint in the above-captioned action on Defendant, Kontakt.io. Inc., as evidenced by the Affidavit of Service attached hereto, which is being filed with the Court. (Exhibit A)

Dated: June 5, 2024

Respectfully submitted,

/s/ Marybeth Mullaney
Marybeth Mullaney, Esq. (Fed Id #11162)
4900 O'Hear Ave., Suites 100 & 200
Charleston, SC 29403
Telephone: (843) 588-5587
E-mail: Marybeth@mullaneylaw.net

Attorney for Plaintiff